UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

| | |
|---|---|
| **DESIREE WOODS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 1:23-CV-04457-MLB-JKL** |
| | ) |
| **DEKALB COUNTY SCHOOL** | ) |
| **DISTRICT,** | ) |
| **ANGELA SMITH, Individually** | ) |
| **and in her official capacity as** | ) |
| **Coordinator III, at Eagle Woods** | ) |
| **Academy for DeKalb County** | ) |
| **School District,** | ) |
| **AND** | ) |
| **MICHELE SUMMERLIN,** | ) |
| **Individually and in her official** | ) |
| **capacity as Executive Director,** | ) |
| **Special Education,** | ) |
| **for DeKalb County School District,** | ) |
| | ) |
| **Defendants.** | ) |

_____

### AMENDED NOTICE OF 30(b)(6) DEPOSITION OF CORPORATE REPRESENTATIVE FOR DEFENDANT DEKALB COUNTY SCHOOL DISTRICT

You are hereby notified that Plaintiff DESIREE WOODS, by and through

her attorney, Drew Mosley, pursuant to Fed. R. Civ. P. 30(b)(6), will take the

deposition upon oral examination, for use in discovery and at trial, of the corporate

representative of Defendant DEKALB COUNTY SCHOOL DISTRICT ("DCSD")
on the date and at the time indicated below before a person duly authorized to
administer an oath under Georgia law.

The deposition will be recorded via stenographic, audio, and/or videotaped
means for the purpose of discovery and/or to be used as evidence and/or for any
other purposes permitted by the Federal Rules of Civil Procedure, including use at
trial, and will continue from day to day until completed.

Defendant DEKALB COUNTY SCHOOL DISTRICT shall produce a
corporate representative(s) with the knowledge and ability to testify regarding the
topics listed below which are known or are reasonably available to Defendant
DEKALB COUNTY SCHOOL DISTRICT.

**Deponent**:   Defendant DEKALB COUNTY SCHOOL DISTRICT
Corporate Representative(s)

**Date: December 17, 2024**

**Time: 10:00 a.m.**

**Location**: Virtually or if virtual deposition not consented to at
      Hall Booth Smith, P.C.
      191 Peachtree Street NE, Suite 2900
      Atlanta, GA 30303

The following dates may be referred to or provide context in the below:
      Woods hired as Director of DeKalb-Rockdale Georgia Network for
Educational and Therapeutic Support (GNETS) by Defendant March 2012.

2

In or around 2016/17, Woods was contacted by DCSD Office of Legal Affairs (OLA) and told she had been accused of being racist.

February 1, 2018, staff member informed Woods that a student's grandmother had made a complaint to county office regarding student's phone being stolen.

February 21, 2018, there were allegations of two EWA students having sex on school grounds.

On or about February 23, 2018, Angela Smith failed to notify Woods that Smith decided to move a student from 6th to 8th grade.

On or around June 20, 2018, two staff members from OLA, Jamal Crawford and Marissa Key, met with Woods to inform her that a staff member, Granston, had made racial allegations against Woods.

Emails from on or around December 18, 2018, document Smith's lack of knowledge regarding Positive Behavior Interventions and Supports ("PBIS") implementation status.

On or about December 19, 2018, Smith let staff vote on whether or not a student could come to school the last day before the holidays due to the student's behavior.

On or about March 18, 2019, a leadership meeting was held by the team while Woods was out of the office at a conference.

On or about July 11, 2019, Woods issued a letter of direction to Smith due to concerns in relation to her duties and responsibilities as Coordinator III (i.e., principal in the building).

On or about September 11, 2019, Woods was served with a civil action complaint from a former staff member (Granston), who claimed Woods discriminated against an African American staff member employed in the GNETS program.

On or about September 29, 2021, there was a meeting of Smith with Dr. Edward Baety regarding Donors Choose.

On or about November 1, 2021, an African American student at EWA passed away.

On or about February 11, 2022, Woods met with Michele Summerlin, Executive Director for Exceptional Education.

On or about February 10, 2022, two staff members from OLA came to EWA to speak with Woods about Smith.

On or about March 28, 2022, Woods met with Michele Summerlin, Terri Jenkins (Director of GLRS), and Smith.

On or about March 31, 2022, an incident occurred at Eagle Woods Academy (EWA) regarding a middle school student in the hallway.

On or about April 7, 2022, Melinda Maddox (retiree) was assigned to interview all staff at EWA including Woods regarding any complaints they may have had.

On or about May 16, 2022, Woods' evaluation was completed by Summerlin, her supervisor.

## TOPICS

1.  Knowledge of each and every document provided by Defendant DEKALB COUNTY SCHOOL DISTRICT in response to Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant.

    (This item tabled without prejudice, without limitation to other topics. The parties agreed that certain identified topics would be better addressed through written discovery supplementation and to address them in that manner.)  This applies to 1, 2, and 9.

2.  Knowledge of all persons whom Defendant DEKALB COUNTY SCHOOL DISTRICT will or may call as a witness at any hearing or trial, including a summary of said witness's anticipated testimony.

    (This item tabled without prejudice, without limitation to other topics. The parties agreed that certain identified topics would be better

Case 1:23-cv-04457-MLB-JKL    Document 43    Filed 12/03/24    Page 5 of 15

addressed through written discovery supplementation and to address them in that manner.)  This applies to 1, 2, and 9.

3.    Knowledge of any and all documents, including, but not limited to reports or exhibits, of any expert witness which Defendant DEKALB COUNTY SCHOOL DISTRICT has relied upon in its responses to Plaintiff's First Continuing Interrogatories to Defendant DEKALB COUNTY SCHOOL DISTRICT.

(This topic is presently moot as DCSD represents it has no expert witnesses.)

4.    Knowledge of any employee handbook(s) and/or manual(s) for Defendant DEKALB COUNTY SCHOOL DISTRICT that was in effect from March 2012 to date of trial.  Limited to March 1, 2020 to date of response.

5.    Knowledge of any documents that reflect, refer to, or relate to any investigation resulting from the complaints or concerns made by any individual against Defendant DEKALB COUNTY SCHOOL DISTRICT, said complaints or concerns being related to employment discrimination by Defendant DEKALB COUNTY SCHOOL DISTRICT, including but not limited to based on race, age, disability,

harassment, hostile work environment, or relation by any employee(s)

or officer(s) of Defendant DEKALB COUNTY SCHOOL DISTRICT

from March 2012 to date of trial.

DCSD states it intends to seek protective order.

6.     Knowledge of the policies of Defendant DEKALB COUNTY

SCHOOL DISTRICT regarding discrimination and harassment in the

workplace from March 1, 2020 to date of response.

7.     Knowledge of the job description of the position(s) that Plaintiff

DESIREE WOODS was initially hired to fill and any to which she

was transferred or promoted.

8.     Knowledge of the personnel file, including but not limited to

employee evaluations, disciplinary actions, and warnings, of Plaintiff

DESIREE WOODS, DR. EDWARD LUNDY BAETY,

DEFENDANT ANGELA SMITH, AND DEFENDANT MICHELE

SUMMERLIN.

9.     Knowledge of all correspondence, including but not limited to paper

documents, emails, text messaging and instant messaging regarding

Plaintiff DESIREE WOODS to or from any employee of Defendant

DEKALB COUNTY SCHOOL DISTRICT from March 2012 to date of trial.

(This item tabled without prejudice, without limitation to other topics. The parties agreed that certain identified topics would be better addressed through written discovery supplementation and to address them in that manner.)  This applies to 1, 2, and 9.

10.    Knowledge of all evaluations or criticism of the job performance of Plaintiff DESIREE WOODS, including but not limited to monthly evaluations, quarterly evaluations, performance plans, and specific incidents that gave rise to an evaluation or criticism from March 2012 to date of trial.

Defendants will produce Summerlin to speak to the evaluations on Woods.

11.    Knowledge of any and all documents, including but not limited to letters, emails, messages, or any other documents which reflect any reference to the retirement of Plaintiff DESIREE WOODS from January 1, 2016 to date of trial.

For this request DCSD will search for "Desiree" and "Woods" and "retirement" in each possible combination of two or more terms, in a

case-sensitive inclusive manner. Additional conference may be needed if search results prove not sufficiently narrow to identify relevant items.

12.    Knowledge of any and all documents, including but not limited to letters, emails, messages, or any other documents which reference in any way "Team Smith" or "Team Woods" from January 1, 2016 to date of trial.

For this request DCSD will search for "Team Woods" and "Team Smith" individually and together, in a case sensitive inclusive manner. Additional conference may be needed if search results are not sufficiently narrow to identify relevant items.

13.    Knowledge of any and all documents evidencing the training completed or uncompleted by Plaintiff DESIREE WOODS while Plaintiff was employed by Defendant DEKALB COUNTY SCHOOL DISTRICT.

DCSD states it will produce Lila Brown to testify to training when she took over.

14.  Knowledge of any and all of Plaintiff DESIREE WOODS' alleged

non-compliance with employer policy if such is claimed by Defendant

DEKALB COUNTY SCHOOL DISTRICT.

DCSD states it does not allege non-compliance with policy by Woods.

15.  Knowledge of any and all meetings, whether in-person, virtually,

telephonically, electronically, or by any other means whereby

Defendant DEKALB COUNTY SCHOOL DISTRICT or any of its

employees, officers, or agents discussed and/or considered any action

with regard to Plaintiff DESIREE WOODS from March 2012 to the

date of trial.

Limited to March 1, 2020 to date of response.  DCSD states it intends

to seek  protective order.

16.  Knowledge of the number and identity of Directors of GNETS

employed by Defendant DEKALB COUNTY SCHOOL DISTRICT

and each individual's race, disability status, and age for the period of

time from March 1, 2020 to date of response.

Names need not be provided if all other information is.  Limited to

March 1, 2020 to response to topic.

17.     Knowledge of the number of employees of Defendant DEKALB

COUNTY SCHOOL DISTRICT whose employment was terminated

by Defendant DEKALB COUNTY SCHOOL DISTRICT, including

but not limited to the former employee's role with Defendant

DEKALB COUNTY SCHOOL DISTRICT, the date of termination,

and the reason for termination, and the former employee's race for the

period of time from March 2012 to date of trial.

DCSD states intends to seek protective order.

18.     Knowledge of the number of employees of Defendant DEKALB

COUNTY SCHOOL DISTRICT who retired from Defendant

DEKALB COUNTY SCHOOL DISTRICT, including but not limited

to the former employee's role with Defendant DEKALB COUNTY

SCHOOL DISTRICT, the date of retirement, and the reason for

retirement, and the former employee's race for the period of time from

March 2012 to date of trial.

DCSD states intends to seek protective order.

19.     Knowledge of any acknowledged complaints or concerns of Plaintiff

DESIREE WOODS regarding race discrimination, harassment in the

workplace, or retaliation for protected complaints or activity or any

other retaliation in the workplace.

20.    Knowledge of any policies and/or procedures of Defendant DEKALB

COUNTY SCHOOL DISTRICT that relate to prevention of race

discrimination, harassment, or retaliation in the workplace from

March 1, 2020 to date of response.

21.    Knowledge of any organizational chart or structure, whether informal

or formal, that was in place at Defendant DEKALB COUNTY

SCHOOL DISTRICT for the period of March 1, 2020.

22.    Knowledge of any lawsuits or legal proceedings filed against

Defendant DEKALB COUNTY SCHOOL DISTRICT which relate to

race discrimination, harassment, or retaliation from March 1, 2020 to

date of response.

DCSD states intends to seek protective order.

23.    Knowledge of any EEOC filings against Defendant DEKALB

COUNTY SCHOOL DISTRICT from March 1, 2020 to date of

response.

DCSD states intends to seek protective order.

24.     Knowledge of any training provided by Defendant DEKALB
        COUNTY SCHOOL DISTRICT from March 1, 2020 to date of
        response, whether directly or indirectly, that regards the prevention of
        employment discrimination, retaliation, and/or harassment.

25.     Knowledge of any concerns memorialized in any form by Plaintiff
        DESIREE WOODS or DR. EDWARD LUNDY BAETY to any
        employee or officer of Defendant DEKALB COUNTY SCHOOL
        DISTRICT regarding age discrimination, race discrimination,
        discrimination based upon disability, harassment, and/or retaliation.

26.     Knowledge of any concerns memorialized in any form by DEKALB
        COUNTY SCHOOL DISTRICT EMPLOYEE FRANK
        KENNEBREW to any employee of Defendant DEKALB COUNTY
        SCHOOL DISTRICT regarding age discrimination, race
        discrimination, harassment, and/or retaliation.

27.     Knowledge of the decisionmaker and decision process for the non-
        selection of DR. EDWARD LUNDY BAETY for any position for
        which he applied from March 1, 2020 to date of response.
        DCSD states intends to seek protective order.

28.    Knowledge of the applications and candidates (selected and not selected) for each position DR. EDWARD LUNDY BAETY applied for from March 1, 2020, to date of trial.

DCSD states it intends to seek protective order.

29.    Knowledge of the corporate structure and status of Defendant DEKALB COUNTY SCHOOL DISTRICT and its parents, subsidiaries, or related government entities or regulatory bodies, if any.

30.    Knowledge of the earnings, benefits, retirement, and other compensation Plaintiff DESIREE WOODS would have received if she had continued her employment with DEKALB COUNTY SCHOOL DISTRICT.

31.    Such other knowledge as the corporate representative(s) of DeKalb County School district may have regarding the topics of their testimony.

This 3rd day of December, 2024.

/s/ Drew Mosley
Drew Mosley, LLC
Georgia Bar No. 526406
279 W. Crogan St.

Lawrenceville, GA 30046
Ph: (678) 225-0098
Fax: (678) 221-0230
drew@mlawmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the PLAINTIFF'S

AMENDED NOTICE OF 30(b)(6) DEPOSITION OF CORPORATE

REPRESENTATIVE FOR DEFENDANT DEKALB COUNTY SCHOOL

DISTRICT upon all parties to this matter via electronic mail as follows:

MELANIE SLATON
ALLISON AVERBUCH
DYLAN MAGRUDER
191 Peachtree Street, N.E. Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
mslaton@hallboothsmith.com
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com
*Counsel for Defendants*

Respectfully submitted this 3rd day of December 2024.

**DREW MOSLEY, LLC.**

*/s/ Drew Mosley*
DREW MOSLEY
Georgia Bar No. 526406
*Counsel for Plaintiff*

279 W. Crogan St.
Lawrenceville, GA 30046
Tel: 678-225-0098
Fax: 678-221-0230
drew@mlawmail.com