IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DESIREE WOODS,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DEKALB COUNTY SCHOOL DISTRICT; ANGELA SMITH; and MICHELE SUMMERLIN,**<br><br>　　　　**Defendants.** | **CIVIL ACTION**<br><br>No. 1:23-cv-04457-MLB-JKL |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants DeKalb County School District, Angela Smith, and Michele Summerlin (collectively "Defendants") file this Reply Brief in Support of their Motion for Summary Judgment, requesting that this Court enter summary judgment in their favor and dismiss this action in its entirety, or in the alternative issue summary adjudication of facts and causes of action, based on the following:

### INTRODUCTION

This case involves an employee who failed to submit any evidence to support her claims of race discrimination, hostile work environment, and conspiracy to interfere with rights. Plaintiff did not understand the duties of her role and the organizational structure of her program. While Plaintiff was responsible for

1

overseeing the GNETS program, it was left to Smith to dictate the daily operations of Eagle Woods Academy. (*SUF ¶¶ 3,4; Exhibit B: Depo. of Desiree Woods, pp. 23:6-24:9; Exhibit C: Coordinator III Job Description*). Plaintiff overstepped her role and impinged on the duties of Smith by attempting to control the operations of Eagle Woods Academy and contradict Smith's directives for staff. (*Exhibit D: Depo of Angela Smith, pp.44:10-45:19; Exhibit F: Depo. of Jamel Crawford, pp.36:5-38:8*). When faced with resistance, Plaintiff attempted to paint these alleged occurrences as racial discrimination. However, as explained below, no alleged conduct by Defendants was motivated by racial animus, and Defendants are entitled to summary judgment.

## ARGUMENT AND CITATION OF AUTHORITY

Based on the undisputed material facts, Defendants are entitled to summary judgment on Plaintiff's racial discrimination and hostile work environment claims under 42 U.S.C. § 1981/1983 and Plaintiff's conspiracy claims under 42 U.S.C. § 1985, as Plaintiff (1) cannot show she was racially discriminated against, (2) cannot show she was subjected to a hostile work environment, (3) cannot prove DCSD had a custom or policy of promoting racial discrimination and/or a hostile work environment, (4) cannot show that Smith and Summerlin are subject to liability, and (5) cannot show a conspiracy formed amongst Defendants.

**I. Plaintiff's claims under 42 U.S.C. § 1981/1983.**

Plaintiff's 42 U.S.C. § 1981/1983 claims fail as (1) she fails to show racial discrimination, (2) she fails to show hostile work environment, (3) she cannot point to custom or policy on account of DCSD supporting racial discrimination and hostile work environment, and (4) the individual defendants are shielded from liability in both their official and individual capacities.

*A. Plaintiff's racial discrimination claim fails.*

Plaintiff purports to show direct evidence of racial discrimination through the testimony of Edward Baety in which he states he "thinks" the alleged conduct occurred because Smith had a problem with Plaintiff being white and recounts an incident in which Smith referenced Plaintiff as a "white woman."[1] *(Depo. of Edward Baety, pp. 35:5-35:16)*. However, such a statement is inadmissible as it calls for speculation and hearsay. Within his statement, Baety states he "thinks" the alleged conduct was race-related; however, Baety has no firsthand knowledge of Smith's intent. (*Depo. of Edward Baety, p. 35:5*). Further, any statement allegedly made by Smith to Baety is hearsay for which Plaintiff cannot rely on. *Vickers v. Federal Express Corp.*, 132 F.Supp.2d 1371, 1378 (S.D. Fla. 2000)("Inadmissible hearsay statements may not defeat a motion for summary judgment")(citing *Pritchard v.*

---

[1] The term white woman is simply a descriptive term. The term in and of itself does not support a finding of racial animus or racial discrimination.

*South Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996)). Therefore, Plaintiff is unable to show admissible evidence of direct discrimination.

*1. Plaintiff cannot show a prima facie case of racial discrimination.*

Plaintiff is unable to show a prima facie case of racial discrimination, as she (1) suffered no adverse employment action, and (2) lacks a comparator.

*a. Plaintiff suffered no adverse employment action.*

Plaintiff claims she suffered an adverse employment action by being constructively discharged. However, a constructive discharge occurs when "a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003). Here, Plaintiff has failed to point to conduct by Defendants that would rise to this level. Rather, Plaintiff states, "a reasonable employee in her position would have been compelled to resign as she was 'excluded from many communications,' 'discouraged from participating in activities indicated to be exclusively for African-American individuals,' and professionally undermined.'" However, such conduct—even if substantiated—would not have compelled a reasonable employee in Plaintiff's position to resign.

Plaintiff was acting outside her role as the Director of GNETS. As the Director of GNETS, Plaintiff was responsible for overseeing the operations of the GNETS

4

program. (SUF ¶ 3; Exhibit B: Depo. of Desiree Woods, pp. 23:6-24:9). It was left to the Coordinator III at each GNETS location to direct the daily operations of each facility. (SUF ¶ 4; Exhibit C: Coordinator III Job Description). Plaintiff did not understand this and overstepped her role by attempting to dictate the operations of Eagle Woods Academy and undermine Smith's directives as Coordinator III of Eagle Woods Academy. (*Exhibit B: Depo of Angela Smith, pp.44:10-45:19; Exhibit F: Depo. of Jamel Crawford, pp.36:5-37:8*). If Plaintiff understood her duties and responsibilities as the Director of GNETS—as a reasonable employee would have— she would not have expected to be included in every communication and activity held at Eagle Woods Academy. Phrased differently, Plaintiff's expectations were not that of a reasonable employee serving in the Director of GNETS role. Therefore, while Plaintiff attempts to paint these "exclusions" and "undermining" as intolerable work conditions, they truly boil down to Plaintiff not understanding her role as Director of GNETS and having unrealistic expectations regarding her duties as responsibilities. As such, a reasonable employee in Plaintiff's position—who truly understood the duties of her role and the structure of the GNETS program—would not have felt compelled to resign.

Nevertheless, even if Plaintiff's expectations were reasonable, Plaintiff had the power to remedy the situation and failed to exercise such power. Put simply, if the conduct was as bad as Plaintiff claims, instead of resigning, a reasonable

employee in Plaintiff's position would have taken leadership of her subordinate and addressed the issues on a disciplinary basis. Plaintiff claims she "could not have easily addressed Smith's insubordination and failure to communicate and other misconduct because she was not allowed to." However, Plaintiff fails to explain how she was not allowed to do so. Rather, the facts of this case show Plaintiff *could* issue disciplinary action against Smith for this claimed misconduct, *and she did not*. Plaintiff was Smith's supervisor, and she exercised her power as Smith's supervisor to issue a letter of direction to Smith in prior incidents. (SUF ¶ 19; Exhibit I: Letter of Direction). As such, it is clear that Plaintiff had the power to reprimand Smith for the claimed "insubordination" and "failure to communicate," and she failed to utilize this power. Therefore, Plaintiff cannot show that any of the alleged conduct surmounted to the level of intolerability warranting a finding of constructive discharge.

*b. Plaintiff cannot show similarly situated individuals were treated more favorably than her.*

Plaintiff has failed to provide evidence of a comparator. Plaintiff is correct in noting her lack of comparator "does not necessarily doom [her] case." *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019). "Even without similarly situated comparators, 'the plaintiff will always survive summary judgment if he [or she] presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.'" *Id.* (internal citation omitted). However,

6

Plaintiff has failed to show a triable issue concerning Defendants' discriminatory intent. There was no discriminatory intent in Defendants' alleged conduct. Rather the alleged conduct exhibited by Defendants' was motivated solely by Plaintiff's misunderstanding of her duties and the organizational structure of the GNETS program.

*2. Even if Plaintiff could prove a prima facie case of racial discrimination, Defendants have a legitimate, nondiscriminatory reason for such action.*

Plaintiff is unable to make a prima facie showing of racial discrimination, but even if she could, the evidence shows that the alleged conduct claimed by Plaintiff was a result of a difference in opinions on what roles both Plaintiff and Smith played in the organizational structure of GNETS and not a result of racial discrimination. (SUF ¶ 11; *Exhibit E: DCSD Employee Relations Investigation*). As explained above, Plaintiff overstepped her role by attempting to dictate the operations of Eagle Woods Academy and contradict the directives of Smith as Coordinator III of Eagle Woods Academy. (*Exhibit D: Depo of Angela Smith, pp.44:10-45:19; Exhibit F: Depo. of Jamel Crawford, pp.36:5-38:8*). Therefore, any conduct on behalf of Defendants stems solely from Plaintiff's misunderstanding of her duties and the organizational structure of the GNETS program—not from racial animus.

Plaintiff attempts to refute this fact by presenting a statement from Edward Baety in which he states he "thinks" the alleged conduct occurred because Smith had a problem with Plaintiff being white and recounts an incident in which Smith

7

referenced Plaintiff as a "white woman." (*Depo. of Edward Baety*, pp. 35:6-35:16). However, as explained above, such statements are inadmissible as they call for speculation and hearsay, and Plaintiff cannot rely on them to defeat summary judgment. *See Vickers*, 132 F.Supp.2d at 1378.

## B. Plaintiff's hostile work environment claim fails.

Plaintiff's hostile work environment claim fails, as she is unable establish a prima facie case of hostile work environment. However, even if she was able to make such showing, Defendants are shielded from liability under the *Faragher-Ellerth* defense.

### 1. Plaintiff cannot show a prima facie case of hostile work environment.

Plaintiff is unable to make a prima facie showing of hostile work environment, as she cannot show that the alleged harassment was based on her race or that it was so severe and pervasive so as to alter the terms and conditions of her employment.

*a. The harassment alleged by Plaintiff was not based on Plaintiff's race.*

As explained above, any alleged harassment or conduct incurred by Plaintiff was motivated solely by Plaintiff not understanding her role as Director of GNETS and overstepping her role by attempting to dictate the operations of Eagle Woods Academy. Plaintiff has not and cannot point to admissible evidence showing that such alleged conduct by Defendants was based on Plaintiff's race.

*b. The harassment alleged by Plaintiff was not severe or pervasive enough to alter the terms and conditions of her employment.*

Plaintiff again claims that such harassment was so pervasive as to lead to her constructive discharge. However, as previously referenced, Plaintiff has not and cannot prove she was constructively discharged. No reasonable employee in Plaintiff's position—who truly understood the duties of her role and the structure of the GNETS program—would not have felt compelled to resign.

*2. To the extent Plaintiff can show a hostile work environment, Defendants are entitled to the Faragher-Ellerth defense.*

Plaintiff cannot prove the essential elements of her hostile work environment claim. However, even if she could, Defendants are entitled to the *Faragher-Ellerth* affirmative defense. The *Faragher-Ellerth* defense has two elements: (1) the employer "had installed a readily accessible and effective policy for reporting and resolving complaints of [racial] harassment, and (2) that the plaintiff unreasonably failed to avail herself of that employer-provided preventative or remedial apparatus." *Pennsylvania State Police v. Suders*, 524 U.S. 129, 134 (2004). Here, DCSD has a process in place to report and investigate harassment and discrimination, and Plaintiff failed to avail herself to this process. (*SUF ¶¶ 18,24; see generally Exhibit E: DCSD Employee Relations Investigation; Exhibit H: Affidavit of Jamel Crawford)*. Plaintiff claims she failed to avail herself to this process, as DCSD's Employee Relation investigations are ineffective. However, Plaintiff has failed to

9

show how these investigations are ineffective. Rather, Plaintiff points generally to her past experiences with DCSD's Employee Relation investigations. Simply because Plaintiff's past involvements with investigations resulted in outcomes Plaintiff did not agree with does not render the process ineffective. Rather, it is clear the investigations were well-reasoned, substantiated by evidence, and included helpful recommendations. (*See generally Exhibit E: DCSD Employee Relations Investigation*). As such, Plaintiff cannot refute that DCSD had an effective policy against harassment and she did not avail herself to it. Therefore, Defendants are entitled to the *Faragher-Ellerth* defense.

### C. To the extent Plaintiff is able to prove her underlying claims, DCSD is not liable because Plaintiff cannot meet the additional constraints of showing custom or policy under § 1983.

Plaintiff claims she is not required to show her claimed racial discrimination and hostile work environment were apart of DCSD's custom or policy. However, courts are clear—to recover against a governmental entity under § 1983, "a plaintiff must establish that the alleged racial discrimination or harassment occurred pursuant to a custom or policy of the [governmental entity]." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also West v. Butler County Board of Education*, 614 F.Supp.3d 1050, 1079-81 (M.D. Ala. 2022)(granting summary judgment on plaintiff's § 1983 claim when plaintiff failed to show school board had custom or policy of racial discrimination). Plaintiff has failed to show a custom or policy of

racial discrimination and hostile work environment. She asserts that the "facts of this case" prove a "persistent and widespread pattern" of racial discrimination and hostile work environment. However, as explained above, the alleged conduct of Defendants does not qualify has racial discrimination and/or hostile work environment. Furthermore, the allegations involved in this case—even if proven to qualify as racial discrimination and/or hostile work environment—would not be enough to show a custom or policy of racial discrimination and hostile work environment. *See Depew v. City of St. Marys, Georgia*, 787 F.2d 1496, 1499 (11th Cir. 1986)("Normally random acts or isolated incidents are insufficient to establish as custom or policy").

### D. To the extent Plaintiff alleges her underlying claims, Smith and Summerlin are shielded from liability in both their official and individual capacities.

Plaintiff's racial discrimination claims fail, as she is unable to prove the essential elements of her claim. However, to the extent liability remains, Smith and Summerlin are shielded, as (1) the claims against them in their official capacities are redundant, and (2) the claims against them in their individual capacities are barred by qualified immunity.

1. <u>The claims against Smith and Summerlin in their official capacities are redundant.</u>

Claims filed against a governmental employee in their official capacity are functionally equivalent to a suit brought directly against the governmental entity

itself. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Here, DCSD is named as a Defendant, along with Smith and Summerlin. Therefore, the claims against Smith and Summerlin in their official capacities are redundant and are due to be dismissed. *See Bailey v. Town of Lady Lake, Fla.*, WL 2048250 at *3 (M.D. Fla. July 20, 2006)(citing *Busby*, 931 F.2d at 776)(dismissing claims § 1983 claims against governmental employees in their official capacity when the governmental entity itself was also named as a defendant in the lawsuit). Plaintiff claims a distinction is warranted, as she has sought declaratory judgments. However, absent Plaintiff's further discussion on the matter, it is unclear why such distinction is warranted.

2. <u>Smith and Summerlin are entitled to qualified immunity for claims against them in their individual capacities.</u>

To show entitlement to qualified immunity, a government official must show she "engaged in a discretionary function when [s]he performed the acts of which the plaintiff complains." *Posey v. Atlanta Public Schools*, 722 F.Supp.3d 1350, 1366 (N.D. Ga. 2024)(internal citation omitted). Once the government official makes such showing, the burden shifts to the plaintiff to "show the official violated clearly established law and thus 'is not entitled to qualified immunity.'" *Id.* In doing so, the plaintiff must prove "the preexisting law was so clear that, given the specific facts facing [the official], one must say that every reasonable official would have

understood that what [s]he was doing violates the [constitutional or statutory] right at issue.'" *Id.*

This Circuit has determined that for a function to be discretionary in nature, the government official must have been "(a) performing a legitimate job-related function (this is, pursuing a job-related goal), (b) through means that were within [their] power to utilize." *Farr v. Daling*, 684 F.Supp.3d 1358, 1369 (N.D. Ga. 2023)(citing *Holloman ex re. Holloman v. Harland*, 370 F.3d 1252, 1256 (11th Cir. 2004)). Here, all alleged conduct by Smith and Summerlin took place while performing job-related functions through means they were within their power to utilize. Further, Plaintiff has failed to meet her burden and cannot show that the alleged conduct carried out by Smith and Summerlin were clearly protected by law. Plaintiff vaguely points to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the 14th Amendment to show the law was clearly established that Plaintiff had the right to be included in every communication had within Eagle Woods Academy, that Plaintiff had a right to be invited to participate in every activity hosted by Eagle Woods Academy, and that Plaintiff had a right to have her subordinates follow every command. However, through their clear language and jurisprudential applications, these laws do not grant Plaintiff such rights. Rather, they grant Plaintiff the right to not be discriminated against on the basis of her race—something which has been proven unsubstantiated by the above-referenced reasons. As such, Plaintiff has failed

13

to prove that Smith and Summerlin violated a clear and existing law, and Smith and Summerlin are entitled to qualified immunity.

## *II. Plaintiff's claim under 42 U.S.C. § 1985.*

To prevail on a conspiracy claim under § 1985, a plaintiff must show: "(1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the law, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his [or her] person or property or deprived of any right or privilege of a citizen of the United States." *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001)(internal citation omitted). Here, for the reasons described above, Plaintiff's substantive claims fail, and she cannot show that she has been "deprived of any rights or privileges" by Defendants. As such, her conspiracy claim derived from such deprivation also fails. *See id.* (finding plaintiffs' § 1985 claim to fail when their disparate treatment claim failed). However, even if Plaintiff's substantive claims were with merit, Plaintiff is unable to show any conspiracy amongst Defendants.

"The intercorporate conspiracy doctrine holds . . . a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire amongst themselves." *Id.* (internal citation omitted). Here, both conspirators claimed by Plaintiff—Smith and Summerlin—were DCSD

employees at the time of the alleged conduct filling their official duties. Plaintiff refutes the application of the intercorporate conspiracy doctrine, stating "[t]he intercorporate conspiracy doctrine does not permit a conspiracy as shown here to discriminate based on race." However, Plaintiff fails to cite any law or facts in support of this assertion. Rather, the law does support the application of intercorporate conspiracy doctrine to this case. *See Denney*, 247 F.3d at 1190-91 (applying the intercorporate conspiracy doctrine to bar plaintiff's § 1985 claim based on conspiracy between two governmental employees). Therefore, Plaintiff cannot prove the essential elements of her claim.

## CONCLUSION

For the reasons outlined above, Defendants respectfully asks this Court to grant summary judgment in their favor, or in the alternative summary adjudication on facts and causes of action.

Respectfully submitted this 2nd day of June, 2025.

                                                **HALL BOOTH SMITH, P.C.**
                                                */s/ Melanie V. Slaton*
                                                MELANIE V. SLATON

1301 1st Avenue, Suite 100         Georgia Bar No. 539960
Columbus, GA 31901              TAYLOR ROOS
Email: mslaton@hallboothsmith.com   Georgia Bar No. 953194
Email: troos@hallboothsmith.com

                                                *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DESIREE WOODS,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DEKALB COUNTY SCHOOL DISTRICT; ANGELA SMITH; and MICHELE SUMMERLIN,**<br><br>　　　　**Defendants.** | **CIVIL ACTION**<br><br>No. 1:23-cv-04457-MLB-JKL |

## Certificate of Compliance

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the fonts and print selections approved by this Court in L.R. 5.1(C).

Respectfully submitted this 2nd day of June, 2025.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.**<br>*/s/ Melanie V. Slaton*<br>MELANIE V. SLATON<br>Georgia Bar No. 539960<br>TAYLOR ROOS<br>Georgia Bar No. 953194 |
| 1301 1st Avenue, Suite 100<br>Columbus, GA 31901<br>Email: mslaton@hallboothsmith.com<br>Email: troos@hallboothsmith.com |  |
|  | *Counsel for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DESIREE WOODS,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**DEKALB COUNTY SCHOOL DISTRICT; ANGELA SMITH; and MICHELE SUMMERLIN,**<br><br>            **Defendants.** | **CIVIL ACTION**<br><br>No. 1:23-cv-04457-MLB-JKL |

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing ***DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT*** was served via U.S. Mail and electronically via e-Filing system which will automatically send e-mail notification to all counsel of record as follows:

Drew Mosley
Drew Mosley, LLC
279 W. Crogan St.
Lawrenceville, Georgia 30046
drew@mlawmail.com

Respectfully submitted this 2nd day of June, 2025.

[*Signature Page to Follow*]

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Melanie V. Slaton* |
|  | MELANIE V. SLATON |
| 1301 1st Avenue, Suite 100 | Georgia Bar No. 539960 |
| Columbus, GA 31901 | TAYLOR ROOS |
| Email: mslaton@hallboothsmith.com | Georgia Bar No. 953194 |
| Email: troos@hallboothsmith.com |  |
|  | *Counsel for Defendants* |