IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESIREE WOODS, | |
| Plaintiff, | |
| | CIVIL ACTION FILE NO. |
| v. | 1:23-cv-4457-MLB |
| DEKALB COUNTY SCHOOL DISTRICT, ANGELA SMITH, MICHELE SUMMERLIN, | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS TO ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Desiree Woods did bring this action against her former employer, Defendant DeKalb County School District ("DCSD" or "The District"), as well as two employees of the DCSD, Angela Smith and Michele Summerlin, in both their individual and official capacities. She indeed asserts claims for race discrimination and a hostile work environment under 42 U.S.C. §§ 1981 and 1983 and conspiracy to interfere with civil rights under 42 U.S.C. § 1985. The case came before the Honorable Magistrate on Defendants' motion for summary judgment [Doc. 60] and Plaintiff's motion for leave to file a surreply [Doc. 69]. For the reasons that follow, Plaintiff objects to the Magistrate's Recommendation that

Defendants' motion be granted.  The Plaintiff's motion to file a surreply should have been granted, and in any event Defendant's motion for summary judgment should be denied.

**Objection 1:**

In footnote 1 of the Report and Recommendation the Magistrate states that, typically, surreplies are permitted "only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Harris v. F.D.I.C.*, 885 F. Supp. 2d 1296, 1308 (N.D. Ga. 2012). In Plaintiff's motion, the Magistrate goes on, she makes an *ipse dixit* assertion that a surreply is warranted due to "1) new contentions of law from Defendant, and 2) new argument from Defendant." [Doc. 69 at 2.] The Magistrate found Plaintiff did not even begin to explain what new law or arguments Defendants supposedly raised in reply, and concluded for that reason alone her motion failed. Even in Plaintiff's reply to Defendants' opposition to the motion for surreply, the Magistrate says, Plaintiff fails to point to the new law or new arguments she raises and, instead, simply states that the surreply "speaks for itself." [citing Doc. 71 at 3.]

2

The Magistrate has overlooked part of the Reply in Support of Surreply, which on p. 5 has a data table showing actual occurrences of new argument terms and caselaw:

> It is odd that Defendants characterize the sections they cite to in the Response Brief and the Reply brief as regarding "direct evidence," rather than "hearsay," being "inadmissible," or being "admissible," which better describe a new argument that appears in the reply brief and is addressed in the proposed surreply. Plaintiff presents a table below that shows new argument does indeed arise, and new law. The *Vickers* and *Pritchard* cases appear in the reply brief and not earlier. [Emphasis added].

Plaintiff's Reply in Support of Surreply, Doc. 71, p. 4-5.

## **Objection 2**

At page 4 of the Report and Recommendation, in the "Background" section, the Magistrate says that in setting out the facts of this case, the Court has considered Defendants' Statement of Material Facts ("DSMF" [Doc. 60-1]), Plaintiff's Response to the DSMF, ("R-DSMF" [Doc. 67-2]), and Plaintiff's Statement of Additional Material Facts ("PSAMF" [Doc. 67-3]); and, where possible, the Court has relied on those statements of facts and responses. The Magistrate says Defendants did not file a response to Plaintiff's statement of additional facts as required by the Local Rules. *See* LR 56.1(B)(3), NDGa. Even so,

3

the Magistrate said the Court could not consider most of those statements for purposes of the present motion because Plaintiff's statements consist almost entirely of her own conclusory assertions or speak to matters about which she has no personal knowledge.

The Magistrate has unjustifiably discounted the testimony of Plaintiff, who has made her claims on personal knowledge (Declaration of Desiree Woods, Doc. 67-4, p. 1, 16, "I have personal knowledge of the facts set forth in this Declaration and know them to be true and correct. … 33. Each of the facts, allegations, and paragraphs in my complaint are true and correct").  At the time of the Declaration, 'plaintiff's amended complaint [had] "replace[d] the original complaint and [was] the 'operative pleading' in the case"[], adopted at *6; *Hall v. Deutsche Bank Nat'l Tr. Co.*, CIVIL ACTION FILE NO. 1:11-CV-02524-AT-AJB, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) (citations omitted).' *Elhag v. Delta Airlines, Inc.*, 1:25-cv-00606-SDG-RGV, Order, Doc. 14, p.3 .

Plaintiff objects to this unjustifiable discounting of Plaintiff's testimony, which the Magistrate would have Plaintiff never give in live trial, where it could be supplemented with context.  In the limited paper format of a motion for summary judgment, all evidence must be viewed and all reasonable inferences

drawn in favor of the non-moving party. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) ("We review de novo a district court's grant of summary judgment, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1243 (11th Cir. 2004)").

The District hired Woods in or around March 2012 as Director of DeKalb-Rockdale Georgia Network for Educational and Therapeutic Support (GNETS). Dec. of Desiree Woods, Doc. 67-4, ¶ 1.  Woods' last day at DCSD was June 30, 2022.  Amend. Compl., Doc. 24, at ¶ 101; Dec. of Woods, at ¶ 33 (verifying complaint).  Woods was not a low-level employee without significant visibility into the workings she described.  She was Director as above for over a decade, including the periods relevant to her allegations.  Her statements about how she was undermined and discriminated against are informed and credible.  Further, they are not lacking in specificity.  Woods' Amended Complaint, which she has verified, provides a robust factual setting in paragraphs including but not limited to ¶7 to 130.

**Objection 3**

The Magistrate says Woods' responses to the DSMF are largely unhelpful. The Magistrate says in contravention of the local rules, her responses are lengthy, contain copious amounts of immaterial information, and are argumentative, citing *See* LR 56.1(B)(2)(a)(2). Woods objects and insists that her responses should be construed as pursuant to LR 56.1(B)(2)(a)(2)(iii) "point[ing] out that the movant's citation[s] do[] not support the movant's fact[s]." In this context, Woods' responsive material is not only acceptable, but as specifically contemplated by the local rules. Woods found that many of Defendants' facts if taken as global propositions were wrong or at least misleading and pointed out that movants' citations did not support the movants' facts. Woods showed this as best she could within the constraints of a paper summary judgment motion without the benefit of live cross examination.

**Objection 4**

On page 9, in Discussion, Preliminary Evidentiary Matters, before turning to its analysis, the Magistrate noted what was called the paucity of evidence put forth by Plaintiff in her attempt to withstand summary judgment. Plaintiff objects to this apparent wholesale discarding of her evidence. The Magistrate

6

says Plaintiff cites largely to unsupported or conclusory statements, either from the PSAMF, the R- DSMF, or the amended complaint, citing *See* Doc. 67-1.

In footnote 6 on page 9 of the Report and Recommendation, the Magistrate says that at one point, Plaintiff cites to another section of her brief, making it unclear what evidence she asserts supports each claim, citing *See* Doc. 67-1 at 16 (quoting "As explained in the racial discrimination analysis above, the conduct allegedly suffered by Plaintiff was severe enough to alter the terms and conditions of her employment…").  The artificial cabining of Woods' evidence in support of her claims in the summary judgment context is in stark contrast to the open evidentiary presentation at trial where all evidence can be construed to support each claim.

There is racial discrimination analysis before page 16 of Woods' brief, which she cites to.  See e.g. Introduction, p. 1: "This case is in fact one of egregious and extreme race discrimination."  Standard of Review, p. 5-6: "That Smith should not have to follow director Woods' direction and should be free from doing so because Woods is White is preposterous."  Argument and Citation of Authority, p. 6: 'Plaintiff does assert that Defendants "excluded [her] from many communications," "discouraged [her] from participating in activities indicated to be exclusively for African-American individuals," and "professionally

undermined [her]." (SUF; RSUF ¶16; Am. Compl. ¶¶ 135-137, 152-154). She does claim these acts were so severe and pervasive that she was forced to resign from her position. (SUF; RSUF ¶ 16; Am. Compl. ¶¶ 121, 138, 144, 155, 161).'

Amended Complaint paragraphs 135-137, Doc. 24, at p. 24, are part of "Count I: Race Discrimination Under Section 1981 and 1983 (including constructive termination)," which incorporates the facts in paragraphs 1 to 130, *Id.* at 131.  Paragraph 65, for example, says, "Smith commented to Dr. Baety that a white woman should not be collecting money for an African-American child's funeral."  Even if Woods' claim that Dr. Baety said this is doubted, Baety himself states this in his Declaration, Doc. 67-5, at ¶ 3.  This list could go on and on. Woods objects to the R&R in its entirety as it has been composed with false premises and with Woods cast unnecessarily in a negative light rather than being given the benefit of each doubt.  *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("All reasonable doubts about [**17] the facts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.,* 655 F.2d 598, 602 (5th Cir.1981).").

In footnote 6 on page 9 of the R&R, the Magistrate further finds:

> She also cites allegations in the amended complaint as evidence of particular instances of harassment. [*Id*. at 10 (citing Am. Compl. [Doc. 24] ¶¶ 25-38, 44-51, 61, 89-91, 97).] But, of course, "allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered." *Mathews v. Clark Atlanta Univ., Inc*., No. 1:17-CV 2963-MLB, 2023 WL 2229670, at *11 (N.D. Ga. Jan. 13, 2023) (alteration adopted; citations omitted).

Report and Recommendation (Doc. 72), at p. 9, fn. 6. Woods objects to the finding that her complaint as amended was not verified, as it was in fact, as discussed above. Dec. of Woods, at ¶ 33 (verifying complaint).

Unfortunately, one of Plaintiff's efforts at organization was found by the R&R to be egregious:

> Most egregious of all is Plaintiff's declaration in support of her response to the motion for summary judgment. [See Doc. 67-4.] Plaintiff relies on a variety of general assertions contained in her declaration to support her claims, and indeed, devotes the entirety of her statement of additional material facts to parroting statements asserted in her declaration. [Compare Doc. 67-3, with Doc. 67-4.]

Report and Recommendation, Doc. 72, at p. 9. What Plaintiff had intended here was for the Declaration to mirror the Response to Statement of Fact and the Statement of Additional Fact so that each was sworn in its entirety. The references are not circular; rather, the Facts/Reponses cite to the Declaration, which provides a sworn version, or

verification, of the Facts/Responses.  Plaintiff attempted to provide a preview of this

structure in the Declaration:

> The Paragraphs below are, first, the Defendants' Statement of Facts with
> [her] Responses. [Her] responses incorporate the allegations to which
> they respond for clarity. Second, following are [her] Statements of
> Additional Facts.

Declaration of Desiree Woods, Doc. 67-4, at p. 1.  The scheme in which the

Declaration verified the fact statements was premised on Plaintiff's concern that

statements made pursuant to LR 56.1(B)(2)(a)(2)(iii) "point[ing] out that the movant's

citation[s] do[] not support the movant's fact[s]" might go without sworn support, or

in other words that Plaintiff might inadvertently fail to provide a sworn source of

support.   Ergo the scheme to have everything sworn.

Clearly, Plaintiff did not carry off her scheme with the grace that would have

had it easily intuited by the Magistrate.  Nonetheless, Plaintiff objects that her

response materials did in fact contain sworn factual support that the R&R assumed

they did not.

## Objection 5

On page 23, the Magistrate finds that remarks unrelated to the decision-

making process are not direct evidence of discrimination. *Scott*, 295 F.3d at 1228;

*Bass v. Bd. of Cnty. Comm'rs, Orange Cnty.*, 256 F.3d 1095, 1105 (11th Cir. 2001),

*overruled in part on other grounds*, *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008). Woods objects to the manner of the Magistrate's application of these cases to the instant case. '"A convincing mosaic may be shown by evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019) ("*Lewis II*") (cleaned up).' *Baety v. DeKalb County School District, et al.*, 1:23-cv-04619-MLB-JKL, Order and Final Report and Recommendation, Doc. 87, p. 28, fn. 14 (7/23/25).

The Magistrate makes the standard of connection of Smith's discriminatory statements too strict. What should be required is only "other bits and pieces from which an inference of discriminatory intent might be drawn," *Id*. Smith's statement meets this looser articulation of relationship of connection. When Smith expresses hostility for working for a white woman, an inference that she acted on this bias is properly required in Woods' favor. Circumstantial evidence suffices, so the fact that evidence may be considered indirect and not direct does not do away with its probative value. Though the probative value of an individual statement may be reduced if it is indirect, Woods contends that the generalizable statements by Smith

11

should not be discounted.

Further, Smith's comment is not in isolation. "Smith [also] commented to Dr. Baety that a white woman should not be collecting money for an African-American child's funeral." Amended Complaint, at ¶65; Dec. of Woods, at ¶ 33. Again, even if Woods' claim that Dr. Baety said this is doubted, Baety himself states this in his Declaration, Doc. 67-5, at ¶ 3. That Smith "had a direct pipeline" to Summerlin, and Smith's deposition testimony that there was a "hostile work environment," [Doc. 67-1 at 7 (citing Baety Dep. at 35 and Smith Dep. Vol. II at 29-31).], also support a convincing mosaic. Woods again objects to the Magistrate's excessively strict standard applied. As the Magistrate seems to suggest if Smith's comments are not direct they are nothing, the Magistrate also seems to suggest that Smith's hostile work environment comments are nothing. However, even if the hostile work environment comment only establishes a factually hostile environment and not any legal conclusion, that fact remains supportive of a convincing mosaic in Woods' favor. The hostile environment should be inferred, from the statements made by Smith and Baety, to be caused by Smith and Summerlin. Most cases do not have such clear evidence of bias as this one, so Woods objects to the Report and Recommendation granting summary judgment on these facts.

WHEREFORE, Plaintiff prays the Court sustain Plaintiff's objections, Grant Plaintiff's Motion for Leave to File Surreply, and Deny Summary Judgment.

This 13th day of August, 2025.

/s/ Drew Mosley
Drew Mosley
Georgia Bar No. 526406
Drew Mosley LLC
279 W. Crogan St.
Lawrenceville, GA 30046
Phone: (678) 225-0098
drew@mlawmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DESIREE WOODS, | |
| Plaintif | CIVIL ACTION |
| v. | No. 1:23-cv-04457-MLB-JKL |
| DEKALB COUNTY SCHOOL DISTRICT; ANGELA SMITH; and MICHELE SUMMERLIN, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2025, a true and accurate copy of the foregoing Objections were electronically filed via the Court's CM/ECF system, and an electronic service copy issued to all counsel of record.

This 13th day of August, 2025.

/s/ Drew Mosley
Drew Mosley
GA Bar No. 526406
Attorney for Plaintiff
Drew Mosley LLC
279 W. Crogan St.
Lawrenceville, GA 30046
(678) 225-0098
(678) 221-0230 fax
drew@mlawmail.com