IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Desiree Woods,

          Plaintiff,

                             Case No. 1:23-cv-4457-MLB

v.

DeKalb County School District, et al.,

          Defendants.

_____/

**ORDER**

     Plaintiff Desiree Woods brings racial discrimination claims against her former employer, DeKalb County School District (DCSD), and two former colleagues, Angela Smith and Michele Summerlin. Defendants move for summary judgment. (Dkt. 60.) The Magistrate Judge recommends granting their motion. (Dkt. 72.) Plaintiff objects. (Dkt. 77.) The Court adopts the recommendation.

**I.    Background**

     In March 2012, DCSD hired Plaintiff, a white woman, as the Director of the DeKalb-Rockdale Georgia Network for Educational and

Therapeutic Support ("GNETS").[1]  (Dkt. 67-2 ¶ 1.)  Plaintiff oversaw GNETS programs at two locations, Shadow Rock Center and Eagle Woods Academy, and worked out of the Eagle Woods location.  (*Id.* ¶¶ 3, 7.)  Plaintiff was responsible for ensuring both schools' programs fulfilled the overarching goals of GNETS.  (*Id.* ¶ 4.)  Plaintiff reported to Defendant Michele Summerlin, an African American woman, during the relevant time.  (*Id.* ¶ 2.)  Plaintiff also supervised Defendant Angela Smith, an African American woman, who was responsible for the day-to-day operations GNET at both programs.  (*Id.* ¶¶ 7-8.)  While Defendant Smith was the leader of the program, Plaintiff was the final decisionmaker.  (*Id.* at ¶ 6.)

The working environment at Eagle Woods was divided into factions. Employees identified themselves as either "Team Woods" or "Team Smith," indicating the person to whom they wished to report.  (*Id.* ¶ 9.) At some point, Dr. Paula Freer (a subordinate of both Plaintiff and Defendant Smith) filed a complaint with the school system alleging,

---

[1] Plaintiff does not object to the Magistrate Judge's findings of undisputed facts.  The Court thus adopts and incorporates them, discussing only those facts necessary to resolve the disputed issues.

2

among other things, divisiveness at Eagle Woods because of the "Team Woods" and "Team Smith" divide. (*Id.* ¶¶ 10–11.) The Employee Relations Department investigated the complaint and recommended—among other things—that the school system more clearly define the GNETS leadership structure at Eagle Woods and that it moved Plaintiff's office from Eagle Woods to a central location within the school district. (*Id.* ¶ 14.) Plaintiff resigned on the day the Employee Relations Department issued its report. (*Id.* ¶ 15.)

Plaintiff sued DCSD, Angela Smith, and Michele Summerlin, alleging race discrimination/disparate treatment under 42 U.S.C. §§ 1981 and 1983 (Count I), a hostile work environment under 42 U.S.C. §§ 1981 and 1983 (Count II), and conspiracy to interfere with civil rights under 42 U.S.C. §§ 1985 (Count III). (Dkt. 24.) Defendants moved for summary judgment on all claims. (Dkt. 60.) After the Magistrate Judge issued a Report and Recommendation ("R&R") saying this Court should grant that motion, Plaintiff filed objections. (Dkts. 72, 77.)

3

## II.   Legal Standards

### A.   Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B.   R&R

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, SSA*, 825 F. App'x 685, 694 (11th Cir. 2020)[2]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Where the objections are not specific enough or clear enough to permit

---

[2] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

4

the district court to effectively review the magistrate judge's ruling … the district court must ensure only that the R&R is not clearly erroneous or contrary to law.*" Byrd v. Gwinnett Cnty. Sch. Dist.*, 728 F. Supp. 3d 1257, 1264 (N.D. Ga. 2024).

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In most cases, "[a] party failing to object to [an R&R] waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *McGriff v. Comm'r, SSA*, 654 F. App'x 469, 472 (11th Cir. 2016). Ultimately, whether objections are filed, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

To succeed on her disparate treatment claim in Count I, Plaintiff "must present sufficient facts to permit a jury to rule in her favor," whether through direct or circumstantial evidence. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 (11th Cir. 2019); *Jefferson v. Sewon Am.*,

5

*Inc.*, 891 F.3d 911, 921 (11th Cir. 2018). Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption. *Jefferson*, 891 F.3d at 921. This can include racially derogatory comments but only if the decisionmaker responsible for the alleged discriminatory act makes the comments in the context of the challenged decision and in temporal proximity to that decision. *Robertson v. Riverstone Communities, LLC*, 849 F. App'x 795, 801 (11th Cir. 2021); *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227–28 (11th Cir. 2002).

Without direct evidence, Plaintiff can use circumstantial evidence of discrimination to avoid summary judgment in two ways. First, she can present circumstantial evidence to demonstrate a genuine issue of fact regarding discrimination by satisfying the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, Plaintiff must first establish a prima facie case of discrimination by presenting evidence that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. *See Lewis*, F.3d at

1220-21. If she does so, the burden shifts to Defendant DCDS to articulate a legitimate reason for the adverse action. *Id.* If it does that, Plaintiff then must present evidence to show DCDS's proffered reason is pretextual and the true reason for the adverse action was unlawful discrimination or retaliation. *Id.*

Second, Plaintiff could use circumstantial evidence to prove discrimination by presenting a "convincing mosaic" of evidence sufficient to allow a reasonable factfinder to infer intentional discrimination. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1310 (11th Cir. 2023). Regardless of whether she proceeds on direct or circumstantial evidence (or a combination of both), Plaintiff must also present evidence from which a jury could conclude she suffered an adverse employment action. *See Franks v. Chitwood*, 572 F. Supp. 3d 1304, 1347 (N.D. Ga. 2021).

To succeed on her racially hostile work environment claim in Count II, Plaintiff must present facts from which a jury could conclude: (1) she belongs to a protected group; (2) she suffered unwelcome harassment; (3) the harassment was based on her race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;

and (5) DCDS was responsible for that environment under a theory of either direct or vicarious liability. *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020).

Finally, to avoid summary judgment on her conspiracy claim in Count III, Plaintiff must first avoid summary judgment on one of her substantive claims in either Count I or Count II and present evidence (among other things) from which a jury could conclude the conduct at issue in those claims resulted from a conspiracy between two or more people or entities to commit that offense against Plaintiff. If Plaintiff fails to avoid summary judgment on her substantive claims, her conspiracy claim fails as a matter of law. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) ("Having concluded that Plaintiffs' substantive claims [under Title VII] fail on the merits, their conspiracy claim fails as well because Plaintiffs would not have been 'deprived of any rights or privilege' by the Defendants' allegedly wrongful acts.").

The Magistrate Judge recommends granting summary judgment on each of Plaintiff's three claims. He concluded Plaintiff's hostile work environment claim fails because she neither presented sufficient evidence for a reasonable factfinder to determine she was subjected to

"severe and pervasive" harassment that altered "the terms and conditions of her employment," nor demonstrated that Defendants' alleged harassment "had anything to do with [her] race." (Dkt. 72 at 20.) He also concluded Plaintiff's disparate treatment claim fails because she did not demonstrate she was subjected to an "adverse employment action." (*Id.* at 26.) Finally, the Magistrate found Plaintiff's conspiracy claim under § 1985 necessarily fails because her substantive claims fail. (*Id.* at 29.)

Plaintiff raises five objections to the R&R. (Dkt. 77.) For the most part, the objections are convoluted and, at times, nearly unintelligible. The Court has tried its best to understand her objections and, to the extent the Court misunderstands them, the fault lies with Plaintiff. And to the extent the objections are not "clear enough to permit the district court to effectively review the magistrate judge's ruling," the Court will only ensure the R&R is not "clearly erroneous or … contrary to law." *Schultz*, 565 F.3d at 1360; Fed. R. Civ. P. 72(b). But even under a *de novo* standard of review, the Court finds each objection lacks merit.

### A.   Plaintiff's First Objection—The Surreply

The Magistrate Judge denied Plaintiff the opportunity to file a surreply. (Dkt. 72 at 2.)  In doing so, he concluded Plaintiff's motion to file surreply failed to identify "new law or new arguments" Defendants included in their reply brief that necessitated additional briefing and instead simply stated "the surreply 'speaks for itself.'" (*Id.*)  Plaintiff objects to that conclusion, claiming the Magistrate Judge "overlooked" a table in her Reply in Support of Surreply (Dkt. 71) that, she says, shows "actual occurrences of new argument terms and caselaw" in Defendants' reply brief. (Dkt. 77 at 3.)

The Court agrees the Magistrate may have "overlooked" the table. But that does not change the outcome.  The table is hard to understand and essentially asks the Magistrate Judge to go to the original briefing and find the portions she references to confirm the existence of new arguments.  It lists five terms—"hearsay," "inadmissible," "admissible," and two cases—she says appear in Defendants' reply brief for the first time. (Dkt. 71 at 5.)  That's all it says.  Moreover, while that observation is correct, Defendants cited "new" law and argument in their reply brief in response to an argument Plaintiff raised in her response brief.

10

Specifically, Plaintiff argued for the first time in her response that certain comments by Angela Smith constitute direct evidence of racial discrimination. (Dkt. 67-1 at 7.) In reply, Defendants argued those comments were inadmissible as hearsay and cited two cases for that proposition. (Dkt. 68 at 3.) As a result, the terms listed in Plaintiff's table were not "new" arguments by Defendants that justified a surreply—particularly one that merely regurgitated arguments Plaintiff made in her response brief. *See Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) ("[If] the new arguments simply respond to arguments raised in a response brief, no surreply is warranted."). The Court overrules Plaintiff's first objection.

**B.   Plaintiff's Second Objection—Plaintiff's Statement of Facts**

Plaintiff next contends the Magistrate Judge "unjustifiably discounted the testimony of Plaintiff" by disregarding certain statements in her Statement of Additional Facts. (Dkt. 77 at 4–5.) This objection refers to the Magistrate Judge's finding that he could not consider statements from Plaintiff's declaration contained in her Statement of Additional Facts because they consisted "entirely of her own conclusory assertions or [spoke] to matters about which she has no personal

knowledge." (Dkt. 72 at 4.) Importantly, the Magistrate Judge did not disregard her additional facts entirely; he simply determined he would not consider certain portions of those facts because they were not competent summary judgment evidence. (*Id.*)

Plaintiff's objection is neither specific nor clear enough to warrant *de novo* review. *See Byrd*, 728 F. Supp. 3d at 1264. She does not explain which statements the Magistrate Judge wrongfully excluded, how their inclusion would have affected the outcome, or otherwise make any effort to grapple with the Magistrate Judge's legal reasoning. But she must "pinpoint those portions of the Magistrate's report that the district court must specially consider." *Schultz*, 565 F.3d at 1361. So the Court overrules this objection.

Even under *de novo* review, the Magistrate Judge's decision to disregard the statements listed on page ten of the R&R was sound. (Dkt. 72 at 10.) Those statements are pure conjecture—matters about which Plaintiff could not have had personal knowledge—and conclusions. (Dkt. 77 at 5.) The Magistrate Judge, for example, disregarded Plaintiff's statements that "[Defendant] Smith did not want to take instruction from a white woman" (Dkt. 67-4 ¶ 27); that "[Defendant] Smith's technical

12

competency for her role … was not what she thought it was" (*Id.* ¶ 31); and that "by responding in a resentful manner as if everything were a racial issue, [Defendant] Smith impeded [Plaintiff's] ability to direct Smith without retaliation" (*Id.* ¶ 28). (Dkt. 72 at 10.) The Magistrate Judge properly excluded those statements from consideration as conclusory, not based on personal knowledge, and devoid of specific factual support. *See James v. City of Montgomery*, 823 F. App'x 728, 731–32 (11th Cir. 2020) ("Affidavits submitted in support of a summary judgment motion must be based on personal knowledge, show that the affiant or declarant is competent to testify, and set out facts that would be admissible under the Federal Rules of Evidence. Conclusory allegations, [however,] have no probative value unless supported by specific facts."). So, again, the Court overrules Plaintiff's second objection.

### C. Plaintiff's Third Objection—Plaintiff's Response to Defendants' Statement of Facts

Plaintiff's next objection is puzzling. (*See* Dkt. 77 at 6.) She objects to a footnote in which the Magistrate Judge stated, "Plaintiff's responses to [Defendants' Statement of Material Facts] are largely unhelpful. In contravention of the local rules, her responses are lengthy, contain

copious amounts of immaterial information, and are argumentative. *See* LR 56.1(B)(2)(a)(2)." (Dkt. 72 at 4.) Plaintiff insists her response was "acceptable," fully compliant with the Court's Local Rules, and the "best she could within the constraints of a paper summary judgment motion without the benefit of live cross examination." (Dkt. 77 at 6.) The Court agrees with the Magistrate Judge's observations. But, while criticizing her responses and saying they were "largely unhelpful" the Magistrate Judge did not deem Defendants' facts admitted, as the Local Rules would have allowed him to do. *See* LR 56.1(B)(2)(a)(2). Indeed, the Magistrate Judge specifically stated he considered Plaintiff's response to Defendants' Statement of Material Facts. (Dkt. 72 at 4.)

So it does not appear the Magistrate Judge's observation had any impact on his analysis. And Plaintiff makes no effort to connect the Magistrate Judge's observation to any alleged error, once more leaving to the Court the task of "pinpoint[ing] those portions of the Magistrate Judge's report" purportedly in error. *See Schultz*, 565 F.3d at 1361. The Court overrules this objection.

### D. Plaintiff's Fourth Objection—A Collection

Plaintiff's fourth objection is not a singular, cohesive objection, but rather a collection of semi-related grievances. (*See* Dkt. 77 at 6–10.) The best the Court can tell, Plaintiff raises five distinct objections: (1) "the apparent wholesale discarding of her evidence"; (2) the Magistrate Judge's finding that allegations from her unverified complaint were not competent summary judgment evidence; (3) the Magistrate Judge's alleged failure to resolve reasonable doubts in her favor; (4) the Magistrate Judge's exclusion of certain statements from her declaration, yet again; and (5) an objection to the "R&R in its entirety as it has been composed with false premises." (*Id.* at 8.) This kitchen-sink objection is far too broad to merit *de novo* review.

Under any standard of review, these objections independently fail. First, the Magistrate Judge did not "wholesale discard" Plaintiff's evidence, but diligently "attempted to identify evidence in the record that might possibly support Plaintiff's claim[s]." (Dkt. 72 at 15.) He considered deposition testimony submitted by Plaintiff and, to the extent it was based on personal knowledge and not conclusory, statements from Plaintiff's declaration. The fact he disregarded certain evidence that was

15

not proper for summary judgment does not constitute the "wholesale discard[ing]" of Plaintiff's evidence. Second, the Magistrate Judge properly excluded allegations from Plaintiff's unsworn complaint. *See Mathews v. Clark Atlanta Univ., Inc.*, 2023 WL 2229670, at *11 (N.D. Ga. Jan. 13, 2023) ("[A]llegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered."). Though Plaintiff tried to rectify her failure to properly present those allegations by including a statement in her declaration verifying the allegations in her amended complaint, verification could only be accomplished through amendment. *See Scalzo on behalf of Cutting Edge Formulations, Inc. v. Jankauskas*, 2021 WL 4242540, at *10, n. 6 (N.D. Ga. May 4, 2021) ("Failure to verify is a technical defect curable by amendment."). Third, Plaintiff's bare objection that the Magistrate Judge failed to resolve reasonable doubts in her favor does not "pinpoint" *any* portions of the R&R that supposedly did so and thus does not warrant *de novo* consideration. *See Schultz*, 565 F.3d at 1360. Fourth, Plaintiff's objection to the Magistrate Judge's treatment of her declaration fails for the reasons discussed above (and it is unclear whether she objects on different grounds here or merely repeats her argument). And finally,

16

Plaintiff's objection to the "R&R in its entirety" utterly lacks the specificity necessary to warrant a closer look. The Court overrules Plaintiff's fourth objection.

### E. Plaintiff's Fifth Objection—Defendant Smith's Testimony

Plaintiff argues the Magistrate Judge erred in failing to consider certain deposition testimony by Angela Smith as circumstantial evidence of intentional discrimination, instead only considering whether it was direct evidence. (Dkt. 77 at 10.) She lodges this objection with the requisite level of specificity to warrant *de novo* review.

The Magistrate Judge found Defendant Smith's testimony that a "hostile work environment" existed at Eagle Woods was not direct evidence of racial discrimination because Defendant Smith did not describe the environment as *racially* hostile and because she was not a "decisionmaker responsible for the alleged discriminatory act." (Dkt. 72 at 26.) That finding was not in error. *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023) ("While statements made by a decisionmaker—*i.e.*, the one who ultimately fired, demoted, or punished the plaintiff—may constitute direct evidence, remarks by non-decisionmakers … are not direct evidence of

17

discrimination."). That said, as Plaintiff correctly points out, even if a comment is not direct evidence of discrimination, it still may be properly considered as circumstantial evidence of discrimination under the "convincing mosaic" framework. (Dkt. 77 at 12; *see Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019) ("A convincing mosaic may be shown by … bits and pieces from which an inference of discriminatory intent might be drawn").). The Court agrees with Plaintiff: the Magistrate Judge did not consider whether Defendant Smith's comments regarding the "hostile work environment" at Eagle Woods was a "bit" or "piece" that could contribute to Plaintiff's mosaic of evidence.

At any rate, even if the Magistrate Judge did consider Defendant Smith's testimony, it would not have changed the outcome. That's because the Magistrate Judge did not conclude Plaintiff's intentional discrimination claim failed for lack of direct or circumstantial evidence of discriminatory intent, but rather because she failed to show she suffered an adverse employment action—an essential element of a disparate treatment claim. (Dkt. 72 at 24.) A plaintiff must establish she suffered an adverse employment action whether she seeks to prove intentional

discrimination through direct evidence, circumstantial evidence, or a "convincing mosaic."[3] This means that, whether the Magistrate Judge considered Defendant Smith's testimony in a "mosaic" analysis or not, Plaintiff's claim would have failed regardless, and her objection is a moot point. Importantly, Plaintiff does not object to the Magistrate Judge's conclusion regarding her failure to show an adverse employment action. Accordingly, the Court need not review it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court overrules Plaintiff's fifth objection.

---

[3] *See Van Voorhis v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) ("Even where direct evidence of discrimination exists, [a plaintiff] must present evidence of an adverse employment action."); *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221 (11th Cir. 2019) ("[W]hen proceeding [with circumstantial evidence under] *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing ... that she was subjected to an adverse employment action...."); *Franks*, 572 F.Supp.3d at 1347 ("[Plaintiff's] inability to establish that she suffered an adverse employment action renders the convincing mosaic irrelevant.").

## IV. Conclusion

The Court **OVERRULES** Plaintiff's Objections (Dkt. 77) and **ADOPTS** the R&R (Dkt. 72). Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. 60).

**SO ORDERED** this 25th day of February, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE